

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2886 | **DATE** | 9/24/2004 |
| **CASE TITLE** | LAWRENCE Y. LEE vs. MCDONALD SECURITIES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The arbitration award is confirmed.

(11) ■ [For further detail see order attached to the original minute order.]

<table>
<tr><td></td><td>No notices required, advised in open court.</td><td></td><td>number of notices</td><td rowspan="5">Document Number</td></tr>
<tr><td></td><td>No notices required.</td><td></td><td></td></tr>
<tr><td></td><td>Notices mailed by judge's staff.</td><td>SEP 27 2004</td><td></td></tr>
<tr><td></td><td>Notified counsel by telephone.</td><td></td><td>date docketed</td></tr>
<tr><td>✓</td><td>Docketing to mail notices.</td><td></td><td>docketing deputy initials</td></tr>
<tr><td>↙</td><td>Mail AO 450 form.</td><td></td><td></td></tr>
<tr><td></td><td>Copy to judge/magistrate judge.</td><td></td><td>date mailed notice</td><td>10</td></tr>
<tr><td>LG</td><td>courtroom deputy's initials</td><td>Date/time received in central Clerk's Office</td><td>mailing deputy initials</td><td></td></tr>
</table>

U.S. DISTRICT COURT
CLERK

2004 SEP 24 PM 5:17

LAWRENCE Y. LEE,     )
    )
    Plaintiff,     )
    )
    vs.     )     No. 04 C 2886
    )
MCDONALD SECURITIES INC.,     )
    )
    Defendant.     )

**DOCKETED**

SEP 2 7 2004

## MEMORANDUM OPINION AND ORDER

Following an arbitration panel's decision in favor of defendant McDonald Investments Inc., plaintiff Lawrence Lee filed a complaint in Cook County Circuit Court to vacate the award. Defendant removed the action to federal court on the basis of diversity jurisdiction and then filed a counterclaim to confirm the arbitration award. Both parties have filed memoranda in support of their claims. We confirm the arbitration award.

## BACKGROUND

This abbreviated statement of the facts is taken from the claim and counterclaim. In January 2002, defendant, a registered broker-dealer that maintains securities accounts for customers throughout the United States, brought an arbitration action against plaintiff, a registered securities representative and defendant's former employee, for breach of a loan agreement. The previous year, defendant hired plaintiff to work at a newly-opened office in Chicago. As part of plaintiff's employment agreement, defendant agreed to loan him $340,186, which was to be repaid at a rate of 20 per cent annually. For each year that plaintiff continued to work for defendant, 20 per cent of the loan would be forgiven. If plaintiff worked at the company less than one year, the whole amount was due. Plaintiff alleges that the parties orally agreed that the loan only needed to be repaid if he resigned or was terminated for cause before

10

the end of the five-year term; defendant disputes this. The signed promissory notes state that the debt becomes due upon resignation or upon any other termination of plaintiff's employment with defendant.

On October 15, 2001, nine months after hiring plaintiff, defendant terminated him. Under the rules of the securities industry's self-regulatory authorities, defendant was required to file a termination notice for plaintiff. Though the original termination notice stated plaintiff's termination was an "involuntary resignation due to compliance issues for violation of company policies," defendant later filed a clarification stating plaintiff was terminated for "lack of production."

As a member and member's associate of the National Association of Securities Dealers, Inc. (NASD), the parties were required to arbitrate their dispute. NASD Code of Arbitration § 10101 (The Code is "prescribed and adopted . . . for the arbitration of any dispute, claim, or controversy . . . arising out of the employment or termination of employment of associated person(s) with any member"). After defendant filed its arbitration action for payment of its loan, plaintiff filed a counterclaim for breach of his employment agreement and defamation. During discovery, each party filed motions to compel and the arbitrators held a pre-hearing conference to address the parties' discovery disputes. Following the resolution of some discovery issues, plaintiff filed a second motion to compel, which the arbitrators denied. The arbitration panel conducted a four-day hearing before rendering an award on February 20, 2004, in favor of defendant and against plaintiff for $340,186, the full amount of the loan. Plaintiff was also denied relief on his counterclaims and assessed $8,825 in forum fees.

## DISCUSSION

Both the Supreme Court and the Seventh Circuit have emphasized the narrow scope of

judicial review of arbitration decisions. <u>Major League Baseball Players Association v. Garvey</u>, 532 U.S. 504, 509 (2001); <u>Anheuser-Busch, Inc. v. Beer, Soft Drink Local Union No. 744</u>, 280 F.3d 1133, 1137 (7th Cir. 2002). An arbitrator's error, even if clear and serious, is not enough for a court to overturn his decision. <u>Anheuser-Busch, Inc.</u>, 280 F.3d at 1137; <u>Hill v. Norfolk and Western Railway Co.</u>, 814 F.2d 1192, 1195 (7th Cir. 1987). This tightly limited review leads courts to vacate arbitration awards "only in 'very unusual circumstances.'" <u>Hasbro, Inc. v. Catalyst USA, Inc.</u>, 367 F.3d 689, 691 (7th Cir. 2004)(quoting <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938 (1995)). The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, applies to the parties' arbitration because their dispute arises out of a contract that evidences a transaction involving commerce. 9 U.S.C. § 2; <u>IDS Life Insurance Co. v. Royal Alliance Associates, Inc.</u>, 266 F.3d 645 (7th Cir. 2001)(applying the FAA to NASD arbitration of dispute involving claims of tortious interference with contract); <u>Cullen v. Paine, Webber, Jackson & Curtis, Inc.</u>, 587 F.Supp. 1520 (D.C.Ga. 1984)(applying the FAA to a dispute between a broker-dealer and its employee over a promissory note that was executed at the time of employment). The FAA lists the grounds on which plaintiff can seek to vacate the arbitration award. <u>IDS Life Insurance Co.</u>, 266 F.3d at 650. An arbitration award may be vacated where (1) it was procured through corruption, fraud, or undue means, (2) the arbitrators were evidently partial or corrupt, (3) the arbitrators were guilty of misconduct in refusing to postpone the arbitration hearing or in refusing to hear pertinent and material evidence, or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10(a); *see* <u>Flexible Manufacturing Systems Pty. Ltd., v. Super Products Corp.</u>, 86 F.3d 96, 99 (7th Cir. 1996). The Seventh Circuit also vacates arbitration awards on the non-statutory ground of "manifest disregard of the law" in very limited situations. <u>IDS Life Insurance Co.</u>, 266 F.3d at 650.

Plaintiff maintains that the arbitration award cannot stand even in light of the court's strictly tailored review. He presents a number of arguments to support his assertion that the arbitrators exceeded their powers and demonstrated a manifest disregard of the law. First, he claims his termination was arbitrary and an arbitrary termination cannot provide the basis for defendant's right to repayment of the promissory loan. Second, he argues that terms requiring him to repay the loan following his termination are not enforceable because they were not supported by consideration. Finally, plaintiff contends the arbitration panel refused to consider pertinent and material evidence to his defense.

None of these arguments supports plaintiff's assertion that the arbitration panel exceeded its powers or manifestly disregarded the law. When determining whether an arbitrator exceeded his powers, the court does not consider whether he made a mistake of law or fact when interpreting the relevant contract, but rather, whether he "went beyond, or outside, the bounds of interpreting the contract before him while fashioning his award." Anheuser-Busch, Inc., 280 F.3d at 1137. As plaintiff acknowledges, for an arbitrator to manifest disregard of the law under Seventh Circuit precedent, he must direct a party to violate the law. See George Watts & Son, Inc. v. Tiffany and Co., 248 F.3d 577 (7th Cir. 2001). Neither plaintiff's argument regarding his arbitrary termination nor his argument regarding the lack of consideration for the new loan term relates to the arbitration panel exceeding its powers or directing a party to violate the law. These arguments are nothing more than claims that the panel wrongly decided the facts or improperly applied the law. We need not rehash whether plaintiff was or was not terminated arbitrarily, nor whether the parties discussed the conditions under which plaintiff would be required to repay the promissory loan before signing the loan agreement and promissory notes. Analyzing the arbitration decision for factual or legal errors

would require us to disregard clear precedent, and would transform arbitration from a "useful alternative method of dispute resolution into a burdensome additional step on the march through the court system." Flexible Manufacturing Systems Pty. Ltd., 86 F.3d at 100.

Plaintiff's final argument, that the arbitration panel refused to hear evidence relevant to his defense, also fails to support his contention that the panel manifested a disregard of the law or exceeded its powers. However, it does relate to § 10(a)'s third ground for vacation of an arbitration award – misconduct by refusing to hear pertinent and material evidence. Plaintiff argues that the panel's denial of his motion to compel evidence regarding the productivity of his co-workers, impeded his ability to prove that he was fired arbitrarily.

Not all failures to receive relevant evidence constitute misconduct, requiring a court to vacate an arbitration award. Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co., 397 F.2d 594, 599 (3d Cir. 1968)(stating that in order to vacate an arbitration award on the basis of an error in excluding evidence, the error must "so affect[] the rights of a party that it may be said that he was deprived of a fair hearing."); Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 280 (7th Cir. 1992). Such misconduct occurs when an arbitration panel fails to employ "basic notions of fairness and due process" and "grossly and totally block[s]" a party's right to be heard. Plumbers' Pension Fund, Local 130, U.A. v. A-Best Plumbing & Sewer, Inc., 1991 WL 10006 at *3 (N.D.Ill. 1991)(citing Lebda v. Charles Schwab & Co., Inc., 1990 WL 43531 at *5 (N.D.Ill. 1990)). The evidence that plaintiff was not allowed to compel during discovery related to his argument that co-workers, who were not fired, were less productive than he and, therefore, defendant's reason for his termination was pretextual. Even if the arbitration panel had wholly refused to hear evidence on this issue, we could not find that it so affected plaintiff's rights as to deprive him of a fair hearing because defendant argued during the arbitration

hearing that plaintiff's termination was not only due to lower than expected production, but also due to compliance issues and a customer complaint. More importantly, as plaintiff admits, his right to be heard on this issue was not grossly and totally blocked. He presented this argument and the panel admitted into evidence, over defendant's objection, a document evidencing the productivity of employees in defendant's Chicago office. The panel did not violate tenets of fairness nor completely block plaintiff's right to be heard and, thus, the denial of his motion to compel is not proper grounds to vacate the arbitration award.

## CONCLUSION

For the foregoing reasons the arbitration award is confirmed.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 27 , 2004.